# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8357 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Cepeda vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, a review of the Appellate Court's ruling clearly demonstrates hat the court applied the governing federal law, and its application of that law was not objectively unreasonable. Accordingly, Cepeda's habeas petition is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNALDO CEPEDA, ) | DOCKETED |
| ) Petitioner, ) | MAR 0 3 2004 |
| ) v. ) | No. 03 C 8357 |
| ) ) | Judge John W. Darrah |
| JERRY L. STERNES, Warden, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arnaldo Cepeda, seeks a writ of habeas corpus against the Dixon Correctional Center Warden, Jerry Sternes, pursuant to 28 U.S.C. § 2254. Cepeda raises one claim in his writ, alleging that prosecutorial misconduct prevented him from receiving a fair trial. His single claim contains four sub-parts: (1) the prosecutor's remarks during cross-examination denied him a fair trial, (2) the prosecutor shifted the burden of proof by some of his remarks, (3) the prosecutor wrongfully vouched for the credibility of the State's cooperating witness, and (4) the prosecutor wrongfully called his defense counsel "disingenuous."

On April 26, 2001, Cepeda was convicted by a jury of attempted first-degree murder. Cepeda was sentenced to ten years' imprisonment. Cepeda appealed his conviction to the Illinois Appellate Court, Second District, arguing that the prosecutor's examination of Cepeda and the prosecutor's closing arguments contained improper remarks that denied Cepeda a fair trial. On January 14, 2003, the Appellate Court affirmed Cepeda's conviction and sentence. The Illinois Supreme Court subsequently denied Cepeda's Petition for Leave to Appeal.

A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication "resulted in a decision that was contrary to, or



involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The habeas petition bears the burden of demonstrating a "contrary to" or "unreasonable application" of federal law. *See Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002) (*Woodford*). The reviewing court applies a highly deferential standard when evaluating the state court's rulings, and the state court's decision is given the benefit of the doubt. *See Woodford*, 123 S. Ct. at 360.

A state court's ruling is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in federal law or if it includes a set of facts that are materially indistinguishable from a decision of the Supreme Court of the United States and nevertheless arrives at a different result than the Supreme Court precedent. *See Mitchell v. Esparza*, 124 S. Ct. 7, 10 (2003) (*Mitchell*).

A state court's ruling is an "unreasonable application" of federal law if the state court identifies the correct governing legal principle from the Supreme Court precedent but unreasonably applies that principle to the facts before the state court. *See Wiggins v. Smith*, 123 S. Ct. 2527, 2535 (2003) (*Wiggins*). A state court's decision must be more than incorrect or erroneous to find an unreasonable application of federal law; the state court's application must be "objectively unreasonable." *See Wiggins*, 123 S. Ct. at 2535.

Cepeda argues that remarks by the prosecutor during the prosecutor's cross-examination of Cepeda and his closing arguments prevented Cepeda from having a fair trial and improperly shifted the burden of proof.

The Illinois Appellate Court addressed Cepeda's arguments as to the prosecutor's comments during the cross-examination and closing arguments. At trial, Cepeda presented an alibi defense that

2

he had attended a church festival and had seen a fight involving Ana Hernandez. On cross-examination, the prosecutor questioned Cepeda as follows:

> Q. Now, you say you were at St. Nicholas festival, and you were there with a bunch of your friends, is that right?
> A. Yes.
>
> * * *
>
> Q. And in terms of the people that were there, how many people did you know by name that were there approximately?
> A. A lot.
>
> * * *
>
> Q. *And all these people then would ... be able to say that you were there?* (emphasis added).

The defense counsel objected; and at a sidebar, the trial court sustained Defendant's objection to the above-emphasized question. However, the trial court did not sustain the objection before the jury.

During his closing argument, the prosecutor referred to Cepeda's "self-serving testimony about some sort of a fight with Ana Hernandez." The prosecutor continued: "There's no corroboration of that ... The ... instructions will tell you that [you] can't speculate about that. There is no evidence of that. Where does that come from?" The Defendant objected, and the trial court sustained the objection. The prosecutor corrected himself, stating "Other than the defendant's testimony, there was no evidence of that fight."

Cepeda argued to the Appellate Court, and to this Court, that the emphasized question above and the above comments during closing argument improperly shifted the burden of proof to Cepeda. The Appellate Court rejected Cepeda's argument, finding that because Cepeda presented an alibi defense and injected into the case his activities with potential witnesses during a particular period of time, Cepeda's failure to produce such witnesses was a proper subject of comment on the part of the prosecution. Here, the prosecutor's question and comments were directed at Cepeda's failure

3

to produce evidence supporting his alibi, not an improper attempt to shift the burden of proof.

In his rebuttal closing argument, the prosecutor also stated:

> When you examine the lack of bias of [the State's] witness compared to the bias of the alibi witnesses, you will see sometimes there's not, not two sides to every story. If there are not two sides ... you can conclude from the evidence, and I submit to you [that] you should conclude from the evidence that defendant is guilty.

Cepeda argued in his appeal, and now, that the above comment distorted the burden of proof. The Appellate Court rejected Cepeda's argument on multiple grounds. The Appellate Court found that the trial court properly instructed the jury on the burden of proof; thus, any misstatement by the prosecutor was not reversible error. In addition, the prosecutor was properly addressing Cepeda's theory of defense because defense counsel stated in her opening argument that "There is a second side to this story"; and in her closing argument, she stated "There are two sides to every story." Therefore, the "second side" was the crux of Cepeda's theory of the case; and the prosecutor was entitled to respond that, in light of the witnesses' relative credibility, a "second side" did not exist.

Cepeda also argues that the prosecutor improperly vouched for a cooperating witness.

Ana Hernandez testified for the State after executing a written cooperation agreement. The agreement included dismissal of charges against Hernandez; and, in return, Hernandez would testify truthfully. In his rebuttal argument, the prosecutor stated:

> And there are other things in [the argument] that say [that Hernandez] has to tell the truth. She must tell the truth, which is why you enter into ... the agreement.
> 
> \* \* \*
> 
> Are the people ... or the police going to enter into an agreement for a certain disposition if she doesn't tell the truth? We know what the truth is.

The Appellate Court rejected Cepeda's argument, finding that the defense counsel invited

4

the prosecutor's first remark when she stated during her closing argument that Hernandez's "deal requires her to testify consistent with the way [the prosecutors] want the case to end up. They want her to identify [defendant]." Furthermore, defense counsel's statement suggested that the prosecution had induced Hernandez to testify falsely; and the prosecutor was entitled to respond that the State would not do so and that Hernandez was actually required only to "tell the truth."

The Appellate Court also found that the second comment was not improper because defense counsel had suggested that the prosecution had bargained for a lie, and the prosecutor had responded that the bargain was actually for the truth. By arguing that "[w]e know what the truth is," the prosecutor simply asserted that the State knew the difference between the truth and a lie and knew that the bargain was for the former rather than the latter. Accordingly, the Appellate Court held that the comment was not an improper expression of personal opinion as to whether Hernandez actually complied with the agreement by telling the truth.

Lastly, Cepeda argues that the prosecutor improperly attacked the defense counsel's integrity.

In rebuttal, the prosecutor stated that, in making a particular argument in her closing, defense counsel was "disingenuous." The defense objected, and the trial court sustained the objection. During Cepeda's appeal, the State conceded that the prosecutor's remark "might have been inappropriate" but argued that any resulting prejudice had been cured. The Appellate Court agreed, finding that the prosecutor's remark was isolated and fairly mild and that the trial court cured any prejudice.

Cepeda argues that the state court unreasonably applied Supreme Court precedents and that the state court's decision was contrary to established federal law. However, Cepeda merely reiterates the same arguments that were raised and rejected by the Appellate Court.

5

Whether prosecutorial misconduct is so egregious as to require a new trial, as a matter of constitutional law, is determined by examining six factors: (1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut. *See Darden v. Wainright*, 477 U.S. 168, 181-82 (1986); *Howard v. Gramley*, 225 F.3d 784, 793 (7th Cir. 2000).

A review of the Appellate Court's ruling clearly demonstrates that the court applied the governing federal law, and its application of that law was not objectively unreasonable. Accordingly, Cepeda's habeas petition is denied.

Dated: March 2, 2004

JOHN W. DARRAH
United States District Judge