Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8357 | **DATE** | 4/8/2004 |
| **CASE TITLE** | Cepeda vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Wilder's application for a certificate of appealability is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ARNALDO CEPEDA, )
)
Petitioner, )
) No. 03 C 8357
v. )
) Judge John W. Darrah
JERRY L. STERNES, Warden, )
)
Respondent. )

**DOCKETED APR 0 9 2004**

## MEMORANDUM OPINION AND ORDER

Petitioner, Arnaldo Cepeda, seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ."

On March 3, 2004, this Court considered petitioner's petition on the merits and denied such petition. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his petition, Cepeda raised one claim, alleging that prosecutorial misconduct prevented him from receiving a fair trial. His single claim contained four sub-parts: (1) the prosecutor's

remarks during cross-examination denied him a fair trial, (2) the prosecutor shifted the burden of proof by some of his remarks, (3) the prosecutor wrongfully vouched for the credibility of the State's cooperating witness, and (4) the prosecutor wrongfully called his defense counsel "disingenuous."

In his petition, Cepeda argued that remarks by the prosecutor during the prosecutor's cross-examination of Cepeda and his closing arguments prevented Cepeda from having a fair trial and improperly shifted the burden of proof. The Illinois Appellate Court rejected Cepeda's argument, finding that because Cepeda presented an alibi defense and injected into the case his activities with potential witnesses during a particular period of time, Cepeda's failure to produce such witnesses was a proper subject of comment on the part of the prosecution. The prosecutor's question and comments were directed at Cepeda's failure to produce evidence supporting his alibi, not an improper attempt to shift the burden of proof.

Cepeda also argued that the prosecutor distorted the burden of proof by stating that there are "not two sides to every story." The Appellate Court rejected Cepeda's argument on multiple grounds. The Appellate Court found that the trial court properly instructed the jury on the burden of proof; thus, any misstatement by the prosecutor was not reversible error. In addition, the prosecutor was properly addressing Cepeda's theory of defense because defense counsel stated in her opening argument that "There is a second side to this story"; and in her closing argument, she stated, "There are two sides to every story." Therefore, the "second side" was the crux of Cepeda's theory of the case; and the prosecutor was entitled to respond that in light of the witness's relative credibility, a "second side" did not exist.

Cepeda also argued that the prosecutor improperly vouched for a cooperating witness by stating that the witness "must tell the truth." The Appellate Court rejected Cepeda's argument, finding that the defense counsel invited the prosecutor's remarks.

Lastly, Cepeda argued that the prosecutor improperly attacked the defense counsel's integrity by stating that part of defense counsel's closing argument was "disingenuous." The Appellate Court found that the prosecutor's remark was isolated and fairly mild and that the trial court cured any prejudice.

This Court found that a review of the Appellate Court's ruling clearly demonstrated that the court applied the governing federal law, and its application of that law was not objectively unreasonable. Cepeda has failed to demonstrate that this finding was wrong or debatable.

For the reasons stated above, Wilder's application for a certificate of appealability is denied.

Dated: April 8, 2004

JOHN W. DARRAH
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARNALDO CEPEDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 03 C 8357 |
| v. ) | |
| ) | Judge John W. Darrah |
| JERRY L. STERNES, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arnaldo Cepeda, seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ."

On March 3, 2004, this Court considered petitioner's petition on the merits and denied such petition. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his petition, Cepeda raised one claim, alleging that prosecutorial misconduct prevented him from receiving a fair trial. His single claim contained four sub-parts: (1) the prosecutor's

remarks during cross-examination denied him a fair trial, (2) the prosecutor shifted the burden of proof by some of his remarks, (3) the prosecutor wrongfully vouched for the credibility of the State's cooperating witness, and (4) the prosecutor wrongfully called his defense counsel "disingenuous."

In his petition, Cepeda argued that remarks by the prosecutor during the prosecutor's cross-examination of Cepeda and his closing arguments prevented Cepeda from having a fair trial and improperly shifted the burden of proof. The Illinois Appellate Court rejected Cepeda's argument, finding that because Cepeda presented an alibi defense and injected into the case his activities with potential witnesses during a particular period of time, Cepeda's failure to produce such witnesses was a proper subject of comment on the part of the prosecution. The prosecutor's question and comments were directed at Cepeda's failure to produce evidence supporting his alibi, not an improper attempt to shift the burden of proof.

Cepeda also argued that the prosecutor distorted the burden of proof by stating that there are "not two sides to every story." The Appellate Court rejected Cepeda's argument on multiple grounds. The Appellate Court found that the trial court properly instructed the jury on the burden of proof; thus, any misstatement by the prosecutor was not reversible error. In addition, the prosecutor was properly addressing Cepeda's theory of defense because defense counsel stated in her opening argument that "There is a second side to this story"; and in her closing argument, she stated, "There are two sides to every story." Therefore, the "second side" was the crux of Cepeda's theory of the case; and the prosecutor was entitled to respond that in light of the witness's relative credibility, a "second side" did not exist.

Cepeda also argued that the prosecutor improperly vouched for a cooperating witness by stating that the witness "must tell the truth." The Appellate Court rejected Cepeda's argument, finding that the defense counsel invited the prosecutor's remarks.

Lastly, Cepeda argued that the prosecutor improperly attacked the defense counsel's integrity by stating that part of defense counsel's closing argument was "disingenuous." The Appellate Court found that the prosecutor's remark was isolated and fairly mild and that the trial court cured any prejudice.

This Court found that a review of the Appellate Court's ruling clearly demonstrated that the court applied the governing federal law, and its application of that law was not objectively unreasonable. Cepeda has failed to demonstrate that this finding was wrong or debatable.

For the reasons stated above, Wilder's application for a certificate of appealability is denied.

Dated: April 8, 2004

JOHN W. DARRAH
United States District Judge

3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ARNALDO CEPEDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 03 C 8357 |
| v. ) | |
| ) | Judge John W. Darrah |
| JERRY L. STERNES, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arnaldo Cepeda, seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ."

On March 3, 2004, this Court considered petitioner's petition on the merits and denied such petition. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his petition, Cepeda raised one claim, alleging that prosecutorial misconduct prevented him from receiving a fair trial. His single claim contained four sub-parts: (1) the prosecutor's

remarks during cross-examination denied him a fair trial, (2) the prosecutor shifted the burden of proof by some of his remarks, (3) the prosecutor wrongfully vouched for the credibility of the State's cooperating witness, and (4) the prosecutor wrongfully called his defense counsel "disingenuous."

In his petition, Cepeda argued that remarks by the prosecutor during the prosecutor's cross-examination of Cepeda and his closing arguments prevented Cepeda from having a fair trial and improperly shifted the burden of proof. The Illinois Appellate Court rejected Cepeda's argument, finding that because Cepeda presented an alibi defense and injected into the case his activities with potential witnesses during a particular period of time, Cepeda's failure to produce such witnesses was a proper subject of comment on the part of the prosecution. The prosecutor's question and comments were directed at Cepeda's failure to produce evidence supporting his alibi, not an improper attempt to shift the burden of proof.

Cepeda also argued that the prosecutor distorted the burden of proof by stating that there are "not two sides to every story." The Appellate Court rejected Cepeda's argument on multiple grounds. The Appellate Court found that the trial court properly instructed the jury on the burden of proof; thus, any misstatement by the prosecutor was not reversible error. In addition, the prosecutor was properly addressing Cepeda's theory of defense because defense counsel stated in her opening argument that "There is a second side to this story"; and in her closing argument, she stated, "There are two sides to every story." Therefore, the "second side" was the crux of Cepeda's theory of the case; and the prosecutor was entitled to respond that in light of the witness's relative credibility, a "second side" did not exist.

Cepeda also argued that the prosecutor improperly vouched for a cooperating witness by stating that the witness "must tell the truth." The Appellate Court rejected Cepeda's argument, finding that the defense counsel invited the prosecutor's remarks.

Lastly, Cepeda argued that the prosecutor improperly attacked the defense counsel's integrity by stating that part of defense counsel's closing argument was "disingenuous." The Appellate Court found that the prosecutor's remark was isolated and fairly mild and that the trial court cured any prejudice.

This Court found that a review of the Appellate Court's ruling clearly demonstrated that the court applied the governing federal law, and its application of that law was not objectively unreasonable. Cepeda has failed to demonstrate that this finding was wrong or debatable.

For the reasons stated above, Wilder's application for a certificate of appealability is denied.

Dated: April 8, 2004

JOHN W. DARRAH
United States District Judge

3